RECEIVED
IN ALEXANDRIA, LA.

AUG 3 1 2012

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL R. COFFMAN | CIVIL ACTION NO. 1:12-CV-841 |
| VERSUS | JUDGE DRELL |
| RICARDO MARTINEZ | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Michael R. Coffman, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and incarcerated at the United States Penitentiary in Pollock, Louisiana. He attacks his conviction and sentence in the Northern District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Petitioner was convicted after a jury trial of conspiracy to distribute methamphetamine [3:05-cr-17 N.D.Fla.], and he was sentenced to a statutorily-mandated term of life imprisonment because of two prior controlled substance offenses. The district court noted on the record that it found the sentence to be excessive and more than was warranted, but that it had no discretion to impose any other sentence. [*Id.,* Doc.#98, p.37] Petitioner appealed the conviction on the grounds of insufficient evidence and sentencing calculation error. [*Id.,* Doc. #133] The

Eleventh Circuit Court of Appeals affirmed, finding that the evidence was sufficient to support a conviction and the imposition of the mandatory life sentence made any calculation errors moot. [*Id.*, Doc.#133]

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, in which he raised nine grounds for relief. The motion was denied on February 26, 2009. [*Id.*, Doc.#206] His request for a certificate of appealability was denied by both the district court and the Eleventh Circuit (*Id.*, Docs.#211, 225). The Supreme Court denied his petition for writ of certiorari (*Id.*, Doc.#227). Petitioner also filed a Motion to Reconsider the Judgment with a supporting memorandum of law (*Id.*, Doc.#228, 229), which was denied (*Id.*, Doc.#230). He appealed that order; a certificate of appealability was denied; and, the appeal was dismissed on January 12, 2012. (*Id.*, Docs.#240, 243, 245).

Petitioner then filed the instant petition pursuant to 28 U.S.C. §2241 in this court *and* in the Northern District of Florida. [3:12-cv-220 N.D.Fla.] Although the case in Florida was deficient because Petitioner failed to pay the filing fee or file an IFP application, the Court analyzed his claims and summarily dismissed the petition. [*Id.*]

### Law and Analysis

Petitioner asserts that his claim involves "newly discovered evidence." He contends that the trial court did not have

jurisdiction to proceed in the case against him due to a flaw in the indictment, and the clerk's failure to procure a properly redacted indictment. The indictment in Petitioner's criminal case charged him and two co-defendants with conspiracy to manufacture and possess with intent to distribute methamphetamine (case 3:05-cr-17 N.D.Fla.). At the end of the first day of trial, the court noted that it had heard nothing about manufacturing methamphetamine, and the Assistant United States Attorney agreed that the reference to "manufacturing" should be redacted from the indictment. [Doc.#1, p.15/52 and 16/52] On the second day of trial, the court again referenced the redacted version of the indictment, noting that the "manufacture" language had been removed. [Doc.#1, p. 23/52] Neither the verdict form nor the judgment had any reference to manufacturing, only to possession with intent to distribute. [3:05-cr-17 N.D.Fla. Doc.#71,89.] There is no "redacted indictment" reflected in the criminal docket. Petitioner seeks immediate release on the grounds that the trial court did not have jurisdiction to sentence him.

While an application for writ of habeas corpus under 28 U.S.C. §2241 is the proper method for challenging the manner in which a sentence is being executed, see United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992), a collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255, see Tolliver v.

Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Thus, a section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. See id. at 877-78. The only exception to this rule is when the remedy provided under section 2255 is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 830, quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id. A petitioner who filed a previous §2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under §2241.

Petitioner could have brought the claim that he now raises either on direct appeal or in his §2255 petition. Moreover, he has not identified or alleged a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense. Petitioner has identified no new evidence; to the extent that he wishes to file a successive 2255 petition on that ground, he must obtain permission from the Court of Appeals.

*Conclusion*

Petitioner cannot satisfy the requirements of the savings clause of section 2255. **Therefore, IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under 2241 be **DENIED and DISMISSED**, as the Court lacks jurisdiction to consider the claim.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. USAA</u>, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 31st day of August, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE